**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MELTZER, PURTILL & STELLE LLC,**<br>Plaintiff,<br>v.<br>**1400 MILWAUKEE AVENUE OWNER LLC, GOODHOMESCO LLC, GOODHOMES COMMUNITIES LLC, DAVID MITCHELL, ZIEL FELDMAN, and LEILA FELDMAN,**<br>Defendants. | Case No. 26-cv-6037<br>Hon. Joan B. Gottschall<br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants 1400 Milwaukee Avenue Owner LLC, GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman, and Leila Feldman (collectively, "Answering Defendants"), by and through their undersigned counsel, Helene S. Feldman, answer the Complaint of Plaintiff Meltzer, Purtill & Stelle LLC as follows. Except as expressly admitted herein, each and every allegation of the Complaint is denied. Headings and section titles in the Complaint are not allegations and require no response; to the extent they are deemed to contain allegations, they are denied.

## PRESERVATION OF DEFENSE OF LACK OF PERSONAL JURISDICTION

Defendants GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman, and Leila Feldman (collectively, the "Opposing Defendants") join in this Answer solely to comply with Federal Rule of Civil Procedure 12(h)(1), and subject to and without waiving their defense that

this Court lacks personal jurisdiction over them, as set forth in the Thirteenth Affirmative Defense below. The Opposing Defendants specifically deny each allegation of the Complaint asserting or implying that this Court has personal jurisdiction over any of them. Nothing in this Answer, including any admissions herein, constitutes consent by any Opposing Defendant the jurisdiction of this Court or a waiver of that defense.

1. In response to Paragraph 1 of the Complaint: Paragraph 1 consists of Plaintiff's characterization of its own claims, argument, and legal conclusions, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 1.

2. In response to Paragraph 2 of the Complaint: Answering Defendants deny the allegations of Paragraph 2.

3. In response to Paragraph 3 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and on that basis deny them.

4. In response to Paragraph 4 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and on that basis deny them.

5. In response to Paragraph 5 of the Complaint: Answering Defendants deny the allegations of Paragraph 5.

6. In response to Paragraph 6 of the Complaint: Answering Defendants deny the allegations of paragraph 6.

7. In response to Paragraph 7 of the Complaint: Answering Defendants admit that Leila Feldman is a resident of the State of New York. Except as expressly admitted, Answering Defendants deny the allegations of Paragraph 7.

8. In response to Paragraph 8 of the Complaint: Answering Defendants admit that Ziel Feldman is a resident and citizen of the State of New York. Except as expressly admitted, Answering Defendants deny the allegations of Paragraph 8.

9. In response to Paragraph 9 of the Complaint: Answering Defendants deny the allegations of Paragraph 9.

10. In response to Paragraph 10 of the Complaint: Answering Defendants admit that GoodHomesCo LLC is a limited liability company organized under the laws of the State of Delaware.

11. In response to Paragraph 11 of the Complaint: Answering Defendants deny the allegations of Paragraph 11.

12. In response to Paragraph 12 of the Complaint: Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 12.

13. In response to Paragraph 13 of the Complaint: Answering Defendants admit that GoodHomes Communities LLC is a limited liability company organized under the laws of the State of Delaware.

14. In response to Paragraph 14 of the Complaint: Answering Defendants deny the allegations of Paragraph 14.

15. In response to Paragraph 15 of the Complaint: Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 15.

16. In response to Paragraph 16 of the Complaint: Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 16.

17. In response to Paragraph 17 of the Complaint: Answering Defendants deny the allegations of Paragraph 17.

18. In response to Paragraph 18 of the Complaint: Answering Defendants deny the allegations of Paragraph 18.

19. In response to Paragraph 19 of the Complaint: Answering Defendants deny the allegations of Paragraph 19.

20. In response to Paragraph 20 of the Complaint: Answering Defendants deny the allegations of Paragraph 20.

21. In response to Paragraph 21 of the Complaint: Answering Defendants deny the allegations of Paragraph 21.

22. In response to Paragraph 22 of the Complaint: Answering Defendants deny the allegations of Paragraph 22.

23. In response to Paragraph 23 of the Complaint: Answering Defendants deny the allegations of paragraph 23.

24. In response to Paragraph 24 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on that basis deny them.

25. In response to Paragraph 25 of the Complaint: Answering Defendants deny the allegations of Paragraph 25.

26. In response to Paragraph 26 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on that basis deny the allegation of Paragraph 26.

27. In response to Paragraph 27 of the Complaint: Answering Defendants admit that Leila Feldman signed the document attached to the Complaint as Exhibit 1 on behalf of 1400 Milwaukee Avenue Owner LLC and transmitted it by electronic mail. Except as expressly admitted, Defendants deny the allegations of Paragraph 27.

28. In response to Paragraph 28 of the Complaint: The Engagement Agreement is a written instrument that sets forth its own terms.

29. In response to Paragraph 29 of the Complaint: Answering Defendants deny the allegations of Paragraph 29.

30. In response to Paragraph 30 of the Complaint: Answering Defendants deny the allegations of Paragraph 30.

31. In response to Paragraph 31 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the allegations in Paragraph 31 and on that basis deny the allegations in Paragraph 31.

32. In response to Paragraph 32 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations of Paragraph 32 and on that basis deny the allegations in Paragraph 32.

33. In response to Paragraph 33 of the Complaint: Answering Defendants deny the allegations of Paragraph 33.

34. In response to Paragraph 34 of the Complaint: Answering Defendants deny the allegations of Paragraph 34.

35. In response to Paragraph 35 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and on that basis deny the allegations of Paragraph 35.

36. In response to Paragraph 36 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and on that basis deny the allegations of Paragraph 36.

37. In response to Paragraph 37 of the Complaint: Answering Defendants deny the allegations of Paragraph 37.

38. In response to Paragraph 38 of the Complaint: Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and on that basis deny the allegations in Paragraph 38.

39. In response to Paragraph 39 of the Complaint: Answering Defendants deny the allegations in Paragraph 39.

40. In response to Paragraph 40 of the Complaint: Answering Defendants deny the allegations of Paragraph 40.

41. In response to Paragraph 41 of the Complaint: Answering Defendants deny the allegations of Paragraph 41.

42. In response to Paragraph 42 of the Complaint: Answering Defendants deny the allegations of Paragraph 42.

43. In response to Paragraph 43 of the Complaint: Answering Defendants deny the allegations of Paragraph 43.

44. In response to Paragraph 44 of the Complaint: Answering Defendants deny the allegations of Paragraph 44.

45. In response to Paragraph 45 of the Complaint: Answering Defendants deny the allegations of Paragraph 45.

46. In response to Paragraph 46 of the Complaint: Answering Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and on that basis deny the allegations in paragraph 46.

47. In response to Paragraph 47 of the Complaint: Answering Defendants deny the allegations in Paragraph 47.

48. In response to Paragraph 48 of the Complaint: Answering Defendants deny the allegations of Paragraph 48.

49. In response to Paragraph 49 of the Complaint: Answering Defendants deny the allegations of Paragraph 49.

50. In response to Paragraph 50 of the Complaint: Answering Defendants restate and incorporate their responses to Paragraphs 1 through 49 as though fully set forth herein.

51. In response to Paragraph 51 of the Complaint: Answering Defendants deny the allegations of Paragraph 51.

52. In response to Paragraph 52 of the Complaint: Answering Defendants deny the allegations in Paragraph 52.

53. In response to Paragraph 53 of the Complaint: Answering Defendants deny the allegations of Paragraph 53.

54. In response to Paragraph 54 of the Complaint: Answering Defendants deny the allegations of Paragraph 54.

55. In response to Paragraph 55 of the Complaint: Answering Defendants deny the allegations of Paragraph 55.

56. In response to Paragraph 56 of the Complaint: Answering Defendants deny the allegations of Paragraph 56.

57. In response to Paragraph 57 of the Complaint: Answering Defendants deny the allegations of Paragraph 57.

58. In response to Paragraph 58 of the Complaint: Answering Defendants deny the allegations of Paragraph 58.

59. In response to Paragraph 59 of the Complaint: Answering Defendants deny the allegations of Paragraph 59.

60. In response to Paragraph 60 of the Complaint: Answering Defendants deny the allegations of Paragraph 60.

61. In response to Paragraph 61 of the Complaint: Answering Defendants deny the allegations of Paragraph 61.

62. In response to Paragraph 62 of the Complaint: Answering Defendants deny the allegations of Paragraph 62.

63. In response to Paragraph 63 of the Complaint: Answering Defendants deny the allegations of Paragraph 63.

64. In response to Paragraph 64 of the Complaint: Answering Defendants deny the allegations of Paragraph 64.

65. In response to Paragraph 65 of the Complaint: Answering Defendants deny the allegations of Paragraph 65.

66. In response to Paragraph 66 of the Complaint: Answering Defendants deny the allegations of Paragraph 66.

67. In response to Paragraph 67 of the Complaint: Answering Defendants restate and incorporate their responses to Paragraphs 1 through 49 and 56 through 66 as though fully set forth herein.

68. In response to Paragraph 68 of the Complaint: The Engagement Agreement is a written instrument that speaks for itself. Answering Defendants deny Plaintiff's characterization of the Engagement Agreement to the extent inconsistent with its terms and otherwise deny any allegations requiring a response.

69. In response to Paragraph 69 of the Complaint: Answering Defendants deny the allegations of Paragraph 69.

70. In response to Paragraph 70 of the Complaint: Answering Defendants deny the allegations of Paragraph 70.

71. In response to Paragraph 71 of the Complaint: Answering Defendants deny the allegation of Paragraph 71.

72. In response to Paragraph 72 of the Complaint: Answering Defendants deny the allegations of Paragraph 72.

73. In response to Paragraph 73 of the Complaint: Answering Defendants deny the allegations of paragraph 73.

74. In response to Paragraph 74 of the Complaint: Answering Defendants deny the allegations of Paragraph 74.

75. In response to Paragraph 75 of the Complaint: Answering Defendants deny the allegations of paragraph 75.

76. In response to Paragraph 76 of the Complaint: Answering Defendants restate and incorporate their responses to Paragraphs 1 through 49 and 56 through 66 as though fully set forth herein.

77. In response to Paragraph 77 of the Complaint: Answering Defendants deny the allegations of Paragraph 77.

78. In response to Paragraph 78 of the Complaint: Answering Defendants deny the allegations of Paragraph 78.

79. In response to Paragraph 79 of the Complaint: Answering Defendants deny the allegations of Paragraph 79.

80. In response to Paragraph 80 of the Complaint: Answering Defendants deny the allegations of Paragraph 80.

81. In response to Paragraph 81 of the Complaint: Answering Defendants deny the allegations of Paragraph 81.

82. In response to Paragraph 82 of the Complaint: Answering Defendants deny the allegations of Paragraph 82.

83. In response to Paragraph 83 of the Complaint: Answering Defendants deny the allegations of Paragraph 83.

84. In response to Paragraph 84 of the Complaint: Answering Defendants deny the allegations of Paragraph 84.

85. In response to Paragraph 85 of the Complaint: Answering Defendants deny the allegations of Paragraph 85.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or suggesting that the Answering Defendants bear the burden of proof on any of the following issues, they assert the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred, in whole or in part, because they fail to state a cause of action upon which relief can be granted

## SECOND AFFIRMATIVE DEFENSE

87. The claims set forth in the Complaint are barred, in whole or in part, by the fact that the alleged contracts identified in the Complaint are unenforceable, invalid and of no force and effect.

**THIRD AFFIRMATIVE DEFENSE**

88. The claims set forth in the Complaint are barred in whole or in part, by the Plaintiff's inequitable conduct, unclean hands, bad faith and/or fraudulent conduct and/or misrepresentations.

**FOURTH AFFIRMATIVE DEFENSE**

89. The claims set forth in the Complaint are barred, in whole or in part, based upon documentary evidence and the statute of frauds.

**FIFTH AFFIRMATIVE DEFENSE**

90. The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of laches and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

91. Plaintiff's claims are barred in whole or in part, because such claims are not well grounded in existing law or fact and there is no valid argument for the extension, modification or reversal of existing law.

**SEVENTH AFFIRMATIVE DEFENSE**

92. The claims set forth in the Complaint are barred, in whole or in part, based upon Plaintiff's intervening acts or omissions, and/or its failure to fulfill conditions precedent to recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

93. The claims set forth in the Complaint are barred, in whole or in part, by the Plaintiff's failure to mitigate or minimize its alleged damages. Any amounts allegedly due and owing to Plaintiff from answering Defendants must be reduced by the amount by which Plaintiff could have, but failed to , mitigate or minimized their alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

94. Plaintiff's claims are barred based on the doctrine of economic duress.

**TENTH AFFIRMATIVE DEFENSE**

95. Plaintiff's claims are barred, in whole or in part, because Plaintiff had a duty of good faith and fair dealing in connection with the documents referenced in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

96. Plaintiff's claims are barred, in whole or in part, because they would be unjustly enriched.

**TWELFTH AFFIRMATIVE DEFENSE**

97. To the extent supported by the facts of this case, the attorney fees, costs and expenses sought to be recovered by the Plaintiff are neither reasonable nor necessary.

**THIRTEENTH AFFIRMATIVE DEFENSE**

98. This Court lacks personal jurisdiction over Defendants GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman, and Leila Feldman (the "Contesting Defendants"), and all claims against them should be dismissed pursuant to Federal rule of Civil Procedure 12(b)(2).

## FOURTEENTH AFFIRMATIVE DEFENSE

99. Answering Defendants reserve their right to assert and rely on all additional affirmative defenses during the course of this proceeding which become available or apparent in this action upon discovery of additional facts or other good causes.

**WHEREFORE,** Answering Defendants respectfully requests that the Court enter judgment as follows:

(a) dismissing the Complaint against Answering Defendants with prejudice; and

(b) awarding reasonable attorney's fees, costs and expenses to Answering Defendants; and

(c) awarding such other and further relief as the Court deems just and proper.

Dated: September 24, 2026

Respectfully Submitted,

*/s/Helene S. Feldman*
Helene S. Feldman, Esq

1202 Lexington Avenue
Suite #232
New York, New York 10028
helenefeldman123@gmail.com
917-797-1956

*Attorney for 1400 Milwaukee Avenue Owner LLC, GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman and Leila Feldman*

*CC: All counsel of record via CM/ECF*