**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MELTZER, PURTILL & STELLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>1400 MILWAUKEE AVENUE OWNER LLC, GOODHOMESCO LLC, GOODHOMES COMMUNITIES LLC, DAVID MITCHELL, ZIEL FELDMAN, and LEILA FELDMAN,<br><br>Defendants. | ) | Case No. 26-cv-6037<br><br>Hon. Joan B. Gottschall |

**RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (ECF No. 31)**

Defendants 1400 Milwaukee Avenue Owner LLC, GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman, and Leila Feldman (together, "Respondents") submit this memorandum in opposition to the Motion to Strike Affirmative Defenses filed by Plaintiff Meltzer, Purtill & Stelle LLC ("MPS") (ECF No. 31, the "Motion"). Defendant David Mitchell is not a party to the Answer or to this memorandum.

**INTRODUCTION**

MPS asks the Court to strike all fourteen affirmative defenses "with prejudice" in a single paragraph that identifies no missing element, no legally unavailable defense, and no prejudice. (Mot. at 2-3.) The Motion should be denied because (I) the defenses give fair notice and raise fact questions suited to discovery, and the Motion makes no defense-specific showing; (II) the

Thirteenth Defense preserves four defendants' objection to personal jurisdiction; and (III) any defense viewed as a denial should remain, and any relief should be without prejudice.

**BACKGROUND**

MPS filed its Amended Complaint on June 9, 2026. (ECF No. 3.) Respondents answered on September 24, 2026 (ECF No. 26), preserving the defense of lack of personal jurisdiction for GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman, and Leila Feldman (the "Contesting Defendants"). MPS filed the Motion on October 23, 2026. No discovery has occurred.

**LEGAL STANDARD**

Motions to strike are disfavored because they "potentially serve only to delay," and "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.*

The Supreme Court has held that a complaint must plead enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Circuit has not decided whether that plausibility standard applies to affirmative defenses, and district courts are divided. *City of Chicago v. DoorDash, Inc.*, 636 F. Supp. 3d 916, 919–20 (N.D. Ill. 2022). A growing number of courts in this District have concluded that the plausibility standard does not apply to affirmative defenses. *Consumer Fin. Prot. Bureau v. TransUnion*, 701 F. Supp. 3d 744, 750–51 (N.D. Ill. 2023). Rule 8(a)(2) requires a complaint to "show" entitlement to relief, but Rule 8(c)(1) requires a defendant only to "state" its defenses. *Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 WL 658786, at *2

(N.D. Ill. Mar. 4, 2022). Accordingly, "an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (4th ed. 2021)). Respondents' defenses meet that standard, and the Motion, which makes no defense-specific argument, would fail under any standard.

**ARGUMENT**

**I. The Defenses Give MPS Fair Notice, Rest on Recognized Doctrines, and Raise Fact Questions for Discovery.**

Each of Respondents' defenses identifies a recognized doctrine and the claims it answers, giving MPS fair notice of what it must meet. The Motion's only argument, by contrast, is a single word, "conclusory," applied to all fourteen defenses at once. MPS does not say which facts are missing from which defense, does not argue that any defense is unavailable under Illinois law, and identifies no prejudice. A motion that rests on a label, without more, is itself conclusory, and it gives the Court no basis to strike anything. A motion to strike is properly denied "when no prejudice could result from the challenged allegations, even though the matter literally is within the category set forth in Rule 12(f)." *Sun Life Assurance Co. of Can. v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 903 (N.D. Ill. 2013) (citation omitted). The defenses respond directly to the contract and fraud theories MPS has pleaded, and a short list of defenses neither confuses the issues nor burdens MPS.

The defenses are well grounded in Illinois law. Failure to mitigate, for example, "is an affirmative defense that must be pleaded and proved by the defendant." *Boyer v. Buol Props., LLC*, 2014 IL App (1st) 132780, ¶ 67. Laches, estoppel, unclean hands, economic duress, and

fraud turn on the parties' conduct and dealings, which are exactly the "questions of law or fact" that ordinarily preclude striking a defense. *Heller*, 883 F.2d at 1294. "A motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, especially where, as here, there has been no discovery . . . ." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011). Ordinary discovery, not pleading-stage motion practice, is the proper means of developing those facts.

This Court has expressed the same practical skepticism, questioning "the utility of striking any affirmative defenses" and cautioning that doing so is "far more likely to delay any dispositive motions by introducing fresh waiver and forfeiture issues than it is to expedite this litigation." *Grayson v. Cellco P'ship*, No. 18 CV 06124, 2019 WL 1858469, at *2–3 (N.D. Ill. Apr. 25, 2019). That concern applies with full force here: MPS will learn the basis for each defense through ordinary discovery, and nothing in the Answer ambushes it.

MPS's reliance on *Heller* is misplaced. *Heller* involved defenses the district court had found frivolous and sanctionable, nothing like the defenses here, and even there the Seventh Circuit stressed that "leave to amend is freely granted as justice requires." *Heller*, 883 F.2d at 1294. *Heller* supports leave to replead, not a strike with prejudice.

**II. The Thirteenth Defense Preserves the Contesting Defendants' Objection to Personal Jurisdiction.**

The Thirteenth Defense asserts that the Court lacks personal jurisdiction over the Contesting Defendants, and the Answer separately denies the jurisdictional allegations. (Answer ¶ 98.) Rule 12(h)(1) is "clear that a defendant does not waive, and therefore necessarily preserves, its personal-jurisdiction defense by either raising it in a Rule 12(b)(2) motion *or* including it in a timely-filed responsive pleading." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp.

3d 881, 885 (N.D. Ill. 2020). The Contesting Defendants did exactly that by asserting the objection in their Answer.

Whatever its label, the defense serves a real purpose here. *Heller*, on which MPS relies, is not to the contrary: the jurisdictional defenses stricken there were "just restatements" of a motion to dismiss that had already been denied. *Heller*, 883 F.2d at 1294–95. Here, the Contesting Defendants chose the other route Rule 12(h)(1) permits, and the Thirteenth Defense is their express, timely assertion of the objection in their responsive pleading. Should the Court prefer a different label, it may simply strike only the word "affirmative" and leave the defense in place. *See Sayad v. Dura Pharms., Inc.*, 200 F.R.D. 419, 422–23 (N.D. Ill. 2001). Any such order should also confirm that the Contesting Defendants' objection remains preserved.

**III. Any Defense Viewed as a Denial Should Remain, and Any Relief Should Be Without Prejudice.**

Should the Court view any defense as functioning as a denial, "the benefit of any doubt should be given the pleader. Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736–37 (N.D. Ill. 1982). Striking it would accomplish nothing, because the matter remains in the case through Respondents' denials.

MPS asks the Court to strike every defense with prejudice, but offers no basis for that relief. Defenses are pleadings, and "leave to amend is freely granted as justice requires." *Heller*, 883 F.2d at 1294. MPS identifies no undue delay, bad faith, or prejudice that could justify permanently foreclosing any defense at the pleading stage. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**CONCLUSION**

Respondents respectfully request that the Court deny the Motion. In the alternative, should the Court grant any part of the Motion, Respondents request that any such ruling be without prejudice, and that the Court grant such other relief as it deems just.

Dated: November 20, 2026

Respectfully submitted,

/s/ Helene S. Feldman

Helene S. Feldman, Esq.
1202 Lexington Avenue, Suite #232
New York, New York 10028
helenefeldman123@gmail.com
917-797-1956
*Attorney for Defendants 1400 Milwaukee Avenue Owner LLC, GoodHomesCo LLC, GoodHomes Communities LLC, Ziel Feldman, and Leila Feldman*